IN THE UNITED STATES DISTRCIT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MELVIN LAMPTON JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-cv-398-GAF |
| | ) |
| SAINT GOBAIN ABRASIVES, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT
AND DIRECTING DISSEMINATION OF NOTICE TO CLASS**

WHEREAS, Plaintiff Melvin Lampton Jr. ("Plaintiff" or "Settlement Class Representative")[1], individually and as representative of a Settlement Class defined below, and Defendant Saint Gobain Abrasives, Inc. (collectively with the Plaintiff, the "Parties") have entered into a class settlement agreement (the "Agreement"), which, if approved, would resolve the claims of the proposed Settlement Class in the above-captioned action (the "Action");

WHEREAS, Defendant has denied and continues to deny all liability with respect to the Action, but is willing to resolve the Action and the Released Claims;

WHEREAS, Plaintiff has filed an Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement, and the Court has reviewed and considered the motion, the supporting brief, the Agreement, and all exhibits attached thereto, including all forms of notice and the Notice Program.

**THE COURT HEREBY GRANTS PRELIMINARY APPROVAL AND ORDERS THAT**:

1. There is sufficient basis for granting preliminary approval of the settlement, certifying the Settlement Class for settlement purposes, preliminarily appointing Humphrey,

---

[1] Unless otherwise noted, all capitalized terms contained herein shall have the same meanings as set forth in the Settlement Agreement.

1

Farrington & McClain P.C. as Settlement Class Counsel and Plaintiff Melvin Lampton Jr. as Settlement Class Representative for settlement purposes; approving the form and manner of notice and authorizing the dissemination of notice; appointing Simpluris as the Settlement Administrator; and scheduling a Final Approval Hearing and related events.

2. The monetary and injunctive relief provided under the settlement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be provided to members of the Settlement Class is fair, reasonable, adequate, considering, *inter alia*, the total value of the Settlement Class's claims compared to: (i) the disputed factual and legal circumstances of the Action; (ii) affirmative defenses asserted in the Action; and (iii) the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the settlement is the result of arm's-length negotiations between the Parties all support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Agreement, implicit or otherwise. Further, as demonstrated below, this Court finds that the Agreement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the criteria articulated in *Van Horn v. Trickey*, 840 F.2d 604 (8th Cir. 1988).

3. Pursuant to the Settlement Agreement, the "Settlement Class" means:

> [A]ll Persons who purchased one or more Covered Products at a retail location in the United States and its territories during the Class Period for personal, family, or household purposes. Excluded from the Settlement Class are: (i) all Persons who purchased or acquired the Covered Products for commercial or business purposes, or resale; (ii) Defendant and its employees; (iii) any Person who properly and timely opts out pursuant to this Agreement; (iv) federal, state, and local governments (including all agencies and subdivisions thereof (but employees thereof are not excluded)); and (v) any judge who presides over the

consideration of whether to approve the settlement of this class action and any member of their immediate family.

4. The "Covered Products" means and refers to all Do It Yourself ("DIY") and/or non-commercial Norton bonded abrasive wheels set forth in Exhibit A to the Settlement Agreement.

5. The Court finds that the proposed Settlement Class meets the requirements of Rule 23(a) and 23(b)(2)-(3), satisfying the requirements of class certification for settlement purposes.

   a. **Numerosity.** Rule 23(a)(1)'s numerosity requirement is met, evidenced in part by the fact that Defendant sold more than four million bonded abrasive wheels through third party-distributors and retailers in 2022. *Cooper v. Integrity Home Care, Inc.*, 4:16-CV-1293-DGK, 2018 WL 3468372, at *5 (W.D. Mo. July 18, 2018).

   b. **Commonality, Predominance and Superiority**. The Court finds that there is at least one "question[] of law or fact common to the class." Rule 23(a)(2); see also Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 359 (2011) ("[E]ven a single common question will do," so long as that question "will resolve an issue that is central to the validity of each one of the claims in one stroke") (cleaned up). Each of the Covered Products purchased by the Settlement Class members suffers the same alleged defect—the lack of a clear expiration date despite the fact that each Covered Product does have a shelf life after which it cannot be used because it will fail. As a result, each Settlement Class member suffered the same financial or economic harm, that is, that the Covered Products were worth less than the actual sale price under a benefit-of-the-bargain

3

theory of economic harm. The Court further finds that common questions of law and fact predominate in this litigation for purposes of certifying a settlement class. The common question on the breach of implied warranty claim is whether the alleged defective Covered Product renders the bonded abrasive wheel unmerchantable. The answer to that question can be proven through common, class-wide proof since the Covered Products suffered the same alleged defect as described above. Moreover, the Court also finds that a class action is superior to individual lawsuits as such individualized litigation would be burdensome and less efficient, considering the economic interests involved.

c. The Court finds that members of the proposed Settlement Class were subjected to the same or similar alleged practices as Plaintiff when they all purchased the Covered Products, and any economic injury suffered as a result may be common amongst the proposed Settlement Class. As such, Rule 23(a)(3)'s typicality requirement is satisfied.

d. The Court finds that Plaintiff has retained counsel competent and experienced in the prosecution of class actions, and that neither Plaintiff nor his counsel have any conflicts with the Settlement Class they seek to represent, satisfying Rule 23(a)(4)'s adequacy requirement.

e. Although not an explicit requirement, the Court finds that the class is adequately defined and clearly ascertainable. A class is ascertainable when its members may be identified by reference to objective criteria. *Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992 (8th Cir.

2016). Here, the Settlement Class is adequately defined and clearly ascertainable based on objective criteria – whether they have purchased one of the Covered Products at issue during a defined period of time. *See In re Pre-Filled Propane Tank Antitrust Litig.*, 14-02567-MD-W-GAF, 2019 WL 7160380, at *3 (W.D. Mo. Nov. 18, 2019).

6. The Court preliminarily appoints the law firm of Humphrey, Farrington, & McClain, P.C. as Settlement Class Counsel and Melvin Lampton, Jr. as Settlement Class Representative.

7. The Parties have jointly selected a reputable settlement administrator, Simpluris, to serve as the Settlement Administrator. The Court hereby appoints and authorizes Simpluris to be the Settlement Administrator, and thereby to perform and execute the Notice Program and claims administration set forth in the Settlement Agreement.

8. The Court hereby approves the form and procedures for disseminating notice of the proposed settlement to the Settlement Class as set forth in the Agreement. The Court finds that the Notice Program[2] is the best notice practicable under the circumstances, including individual notice to members who can be identified through reasonable effort, and that the Notice Program complies fully with the requirements of the Federal Rules of Civil Procedure. The Court further finds that the Notice Program is reasonably calculated to, under all the circumstances, reasonably apprise members of the Settlement Class of the pendency of this Action and the terms of the Agreement. Further, it apprises members of the Settlement Class of their right to object to the settlement or of their right to exclude themselves from the Settlement Class. The Court

---

[2] The Notice Program shall commence within 30 days after entry of this Preliminary Approval Order, which is March 3, 2024.

also finds that the Notice Plan constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of due process.

9. Settlement Class members who wish to receive payment under the Agreement must complete and submit a timely and valid Claim Form in accordance with the instructions contained in the Agreement and the forms of notice pursuant to the Notice Program. All Claim Forms must be postmarked or electronically submitted by April 17, 2024 (i.e., 45 days following commencement of the Notice Program ("Claims Period")).

10. Any Settlement Class member shall have the right to opt out of the Settlement Class and the settlement by sending a written request for exclusion to the Settlement Administrator, postmarked no later than April 17, 2024 (i.e., 45 days following commencement of the Notice Program) (the "Opt Out Period"), and following the procedures set forth in the settlement agreement at Paragraph 9.1.

11. Any Settlement Class member who does not submit a timely and valid request for exclusion shall be subject to and bound by the Agreement and every order or judgment entered concerning the Agreement, including the release of all Released Claims against the Released Parties.

12. Any Settlement Class member who intends to object to the settlement must do so by written submission to the Court, Settlement Class Counsel, and Defendant's Counsel, and must be postmarked or submitted no later than April 17, 2024 (i.e., 45 days following the commencement of the Notice Program) (the "Objection Period") and must follow the procedures set forth in the Settlement Agreement at Paragraph 10.1.

13. Settlement Class members who fail to submit timely written Objections in full compliance with the requirements of the foregoing paragraph and the Agreement shall be deemed to have waived any Objections and shall be foreclosed from making any Objections

(whether by appeal or otherwise) to the Agreement and to any of the following: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the fee award to Settlement Class Counsel; and (d) whether to approve the payment of a service award to the Settlement Class Representative.

14. Settlement Class Counsel must file their papers requesting an award of attorneys' fees, costs, and expenses no later than April 2, 2024 (i.e., 30 days following commencement of the Notice Program).

15. The Court will hold a Final Approval Hearing on May 29, 2024, at 11:00 a.m., to address the final approval of the Agreement and Settlement Class Counsel's request for an award of attorneys' fees, costs, and expenses, and for a service award to the Settlement Class Representative. The Final Approval Hearing shall be before the undersigned judge in Courtroom 8A at the United States District Court Western District of Missouri – Western Division, Charles Evans Whittaker U.S. Courthouse, 400 E. 9th St., Kansas City, MO 64106. At the Final Approval Hearing, the Court will consider: (i) whether the Agreement should be approved as fair, reasonable, and adequate for the Settlement Class; (ii) whether a judgment granting approval of the Agreement and dismissing the lawsuit with prejudice should be entered; and (iii) whether Settlement Class Counsel's request for an award of attorneys' fees, costs, and expenses should be granted.

16. Settlement Class Counsel must file their papers in support of a Final Approval Order and a service award for the Settlement Class Representative no later than May 15, 2024 (i.e., 14 days prior to the Final Approval Hearing).

17. All further proceedings in the Action are ordered stayed, except for those matters necessary to obtain and/or effectuate final approval of the Agreement.

18. If the Court does not enter a Final Approval Order, if the Final Approval Order is reversed in any respect on appeal, or if the Agreement is terminated or otherwise fails to become effective, the Court's grant of conditional class certification of the Settlement Class shall be vacated, and the Parties shall revert to their positions in the Action as they existed prior to the Agreement.

19. Termination of the Agreement and the Parties' rights and obligations with respect to conditional certification are set forth in accordance with Sections 11.1-11.4 and 13.4 of the Agreement.

20. The Parties may make ministerial changes to documents to comport with the Agreement and this Preliminary Approval Order.

21. The following chart summarizes the dates and deadlines set forth in this Preliminary Approval Order.

| **Action** | **Date** |
|---|---|
| Deadline for Settlement Class Counsel's Request for Attorneys' Fees, Costs, and Expenses | April 2, 2024 |
| Claims Deadline | April 17, 2024 |
| Objection/Exclusion Deadline | April 17, 2024 |
| Motion for Final Approval and for Service Award for Settlement Class Representative | May 15, 2024 |
| Final Approval Hearing | May 29, 2024 |

SO ORDERED this 1st day of February, 2024.

s/ Gary A. Fenner
GARY A. FENNER, JUDGE